NO.  23-3332

# UNITED STATES COURT OF APPEALS

# FOR THE SIXTH CIRCUIT

————————————

## APOGEE COAL COMPANY, et al.,

**Petitioners**

**v.**

## DAVID M. HOWARD,

**and**

# DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS
# U.S. DEPARTMENT OF LABOR
**Respondents**

————————————————

**On Petition for Review of a Decision and Order
of the Benefits Review Board
of the U.S. Department of Labor
BRB No.  20-0229 BLA**

## <u>RESPONSE BRIEF OF RESPONDENT DAVID M. HOWARD</u>

Brad A. Austin
Wolfe Williams & Reynolds
Attorneys at Law
470 Park Ave.
Norton, Virginia 24273
276-679-0777

Counsel for Respondent-Claimant                    October 19, 2023

David M. Howard

# TABLE OF CONTENTS

Corporate Disclosure Statement. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .i

Table of Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .iii

Oral Argument Requested. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .v

I. Statement of Jurisdiction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. Statement of Issues Presented for Review. . . . . . . . . . . . . . . . . . . . . . . . . . 2

III. Statement of the Case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

IV. Summary of Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

V. Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

VI. Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .15

VII. Statement of Related Cases. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

VIII. Certificate of Compliance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .17

IX. Certificate of Service. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .18

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

# Disclosure of Corporate Affiliations and Financial Interest

Sixth Circuit
Case Number: 23-3332_____          Case Name: Apogee Coal v. David Howard; DOWCP

Name of counsel: Brad A. Austin_____

Pursuant to 6th Cir. R. 26.1, David M. Howard_____
_____Name of Party

makes the following disclosure:

1.  Is said party a subsidiary or affiliate of a publicly owned corporation?  If Yes, list below the identity of the parent corporation or affiliate and the relationship between it and the named party:

No.

2.  Is there a publicly owned corporation, not a party to the appeal, that has a financial interest in the outcome?  If yes, list the identity of such corporation and the nature of the financial interest:

No.

CERTIFICATE OF SERVICE

I certify that on _____October 19, 2023_____ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by placing a true and correct copy in the United States mail, postage prepaid, to their address of record.

s/ Brad A. Austin_____

_____

_____

This statement is filed twice:  when the appeal is initially opened and later, in the principal briefs, immediately preceding the table of contents.  See 6th Cir. R. 26.1 on page 2 of this form.

**6th Cir. R. 26.1**
**DISCLOSURE OF CORPORATE AFFILIATIONS**
**AND FINANCIAL INTEREST**

(a)  **Parties Required to Make Disclosure**.  With the exception of the United States government or agencies thereof or a state government or agencies or political subdivisions thereof, all parties and amici curiae to a civil or bankruptcy case, agency review proceeding, or original proceedings, and all corporate defendants in a criminal case shall file a corporate affiliate/financial interest disclosure statement.  A negative report is required except in the case of individual criminal defendants.

(b)  **Financial Interest to Be Disclosed.**

(1)  Whenever a corporation that is a party to an appeal, or which appears as amicus curiae, is a subsidiary or affiliate of any publicly owned corporation not named in the appeal, counsel for the corporation that is a party or amicus shall advise the clerk in the manner provided by subdivision (c) of this rule of the identity of the parent corporation or affiliate and the relationship between it and the corporation that is a party or amicus to the appeal.  A corporation shall be considered an affiliate of a publicly owned corporation for purposes of this rule if it controls, is controlled by, or is under common control with a publicly owned corporation.

(2)  Whenever, by reason of insurance, a franchise agreement, or indemnity agreement, a publicly owned corporation or its affiliate, not a party to the appeal, nor an amicus, has a substantial financial interest in the outcome of litigation, counsel for the party or amicus whose interest is aligned with that of the publicly owned corporation or its affiliate shall advise the clerk in the manner provided by subdivision (c) of this rule of the identity of the publicly owned corporation and the nature of its or its affiliate's substantial financial interest in the outcome of the litigation.

(c)  **Form and Time of Disclosure**.  The disclosure statement shall be made on a form provided by the clerk and filed with the brief of a party or amicus or upon filing a motion, response, petition, or answer in this Court, whichever first occurs.

# <u>TABLE OF AUTHORITIES</u>

## <u>Cases:</u>

*Arch Coal v. Acosta*,
888 F.3d 493, 501 (D.C. Cir. 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13

*Big Branch Res., Inc. v. Ogle*,
737 F.3d 1063, 1068 (6th Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

*Borders v. A.G.P. Coal Co.*,
9 BLR 1-32, 1-34 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11

*Cumberland River Coal Co. v. Banks*,
690 F.3d 477, 482-483 (6th Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Harman Mining Co. v. Director, OWCP* [*Looney*],
678 F.3d 305, 316 (4th Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

*Hoxie v. Drug Enforcement Admin.*,
419 F.3d 477, 482 (6th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

*Gilbert v. Williamson Coal Co.*,
7 BLR 1-289, 1-294 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11

*Peabody Coal Co. v. Groves*,
277 F.3d 829, 833 (6th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

*Richardson v. Perales*,
402 U.S. 389, 401 (1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

*Skrack v. Island Creek Coal Co.*,
6 BLR 1-710, 1-711 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*U.S. Department of Labor v. Triplett*,
494 U.S. 715 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13

## <u>Statutes:</u>

5 U.S.C. § 554(c)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

5 U.S.C. § 557(c)(3)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

30 U.S.C. 921(c)(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

30 U.S.C. § 932(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 8

30 U.S.C. § 932(a), through 33 U.S.C.  § 919(d) . . . . . . . . . . . . . . . . . . . . . . . . . . 8

33 U.S.C. § 921(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

33 U.S.C. § 921(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

## **Regulations:**

20 C.F.R. § 718.305. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

20 C.F.R. § 718.305(d)(1)(i),(ii). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

20 C.F.R. § 725.407(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13

20 C.F.R. § 725.456(b)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7, 12

20 C.F.R. §§ 725.493-495. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

20 C.F.R. § 725.495(c)(1)-(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11, 12

## **STATEMENT IN SUPPORT OF ORAL ARGUMENT**

This case presents important questions regarding Judge Boucher's resolution of the responsible operator issue. Due to the important issues presented in this case and the likelihood of recurrence as Federal Black Lung cases are heard in this Court, Respondent, David M. Howard, does respectfully request oral argument in this case. Oral argument will assist this Court and all parties in Federal Black Lung cases in understanding the complexity of these important legal and factual issues.

/s/ Brad A. Austin
Brad A. Austin

Wolfe Williams & Reynolds
470 Park Ave.
Norton, VA 24273
(276)679-0777
Counsel for Respondent,
David M. Howard
October 19, 2023

# I.   STATEMENT OF JURISDICTION

Jurisdiction of the U.S. Court of Appeals for the Sixth Circuit is based on the situs of the former coal miner's last coal mining dust exposure.  Here, Mr. David M. Howard ("Mr. Howard" or "Miner"), was last exposed to coal mine dust in Kentucky while working for Petitioner, Apogee Coal Company insured by Arch Coal, Inc. ("Apogee" or "Employer").  Joint Appendix ("J.A.") 112. Jurisdiction of this Court is based on the Longshoremen's Act, 33 U.S.C. § 921(c), incorporated into the Black Lung Benefits Act ("BLBA") at 30 U.S.C. § 932(a).  The Benefits Review Board ("the Board")   affirmed the award of benefits issued by the Honorable Administrative Law Judge   Lauren C. Boucher ("Judge Boucher" or "ALJ Boucher").  J.A. 109, 235. The Board had jurisdiction under 33 U.S.C. § 921(b), to hear Employer's appeal of the award of benefits.

Employer appeals following the Benefits Review Board's final order that disposed of all issues and claims before the U.S. Department of Labor.  Thus, this appeal is properly before this Court.

## II.    STATEMENT OF ISSUES PRESENTED FOR REVIEW

Was the ALJ's finding that Employer is the Responsible Operator rational, supported by substantial evidence, in accordance with applicable law, and in compliance with the  Administrative Procedure Act?

### III.  STATEMENT OF THE CASE

**A. Procedural History**

 Mr. Howard filed his claim for benefits on November 19, 2014.  J.A. 110. The District Director issued a proposed Decision and Order awarding benefits on September 26, 2016. J.A. 350.  Employer appealed and the claim was referred to the Office of Administrative Law Judges for hearing.

The claims were assigned to Judge Boucher.  On July 17, 2019,  Judge Boucher conducted the hearing.  J.A. 110.  Judge Boucher issued a Decision and Order Awarding Benefits on February 25, 2020.  J.A. 109. Employer then appealed to the Benefits Review Board.  The Board issued a Decision and Order on October 18, 2022, affirming Judge Boucher's award of benefits. J.A. 235. The Board denied Employer's motion for reconsideration on February 17, 2023. J.A. 279. This appeal followed.

Mr. Howard testified that all of his coal mine employment was underground. J.A. 112.  Judge Boucher found Mr. Howard had at least 15 years of underground coal mine employment.  *Id*. The Benefits Review Board affirmed this finding as unchallenged on appeal.  J.A. 237, citing *Skrack v. Island Creek Coal Co*., 6 BLR 1-710, 1-711 (1983).  Judge Boucher noted that Employer conceded in its brief that Mr. Howard is totally disabled based on the medical opinions and pulmonary function testing.  J.A. 112.  Judge Boucher found that the record supports a finding

of total disability, based on the medical opinions of Drs. Ajjarapu, Rosenberg and McSharry and the five qualifying pulmonary function tests. J.A. 112, n.3. This finding, too, was affirmed by the Benefits Review Board. J.A. 251. As Judge Boucher found Mr. Howard established at least 15 years of underground coal mine employment and has a totally disabling respiratory or pulmonary impairment, she found the 15-year rebuttable presumption contained in 20 C.F.R. § 718.305 was invoked. J.A. 113. The Board affirmed Judge Boucher's finding that the presumption was invoked. J.A. 251.[1]

Once the presumption was invoked, the burden shifted to Employer to rebut the presumption. Rebuttal can be established by showing either that the miner does not have legal or clinical pneumoconiosis or that "no part" of his respiratory disability was caused by pneumoconiosis. 20 C.F.R. § 718.305(d)(1)(i),(ii). Judge Boucher found that Employer had failed to establish rebuttal under either method. J.A. 134-135. The Benefits Review Board affirmed Judge Boucher's finding that Employer failed to disprove legal pneumoconiosis or disability causation. J.A. 255. Accordingly, as it affirmed the ALJ's finding that the presumption had been invoked

---

[1] Section 411(c)(4), 30 U.S.C. 921(c)(4)(2018), 20 C.F.R. §718.305, provides a rebuttable presumption of total disability due to pneumoconiosis if a miner establishes at least 15 years of underground coal mine employment or substantially similar surface employment, and a totally disabling respiratory or pulmonary impairment.

and rebuttal was not established, the Benefits Review Board affirmed Judge Boucher's Decision and Order Awarding Benefits.  J.A 256.

On appeal, Employer does not contest Mr. Howard's entitlement to benefits, but challenges its designation as the party responsible for payment of benefits, asserting *inter alia* that its rights to discovery were denied.  Petitioner's Corrected Opening Brief *"Pet."* at 2.  However, Judge Boucher's finding that Employer is responsible for payment of benefits is rational, supported by substantial evidence and in accordance with the applicable law and regulations. Accordingly, this Court should affirm Judge Boucher's Decision and Order Awarding Benefits and the subsequent decision affirming the award of benefits issued by the Benefits Review Board.

## IV.   SUMMARY OF ARGUMENT

The evidence in this case establishes (and Employer does not contest) that Mr. Howard is totally disabled due to pneumoconiosis arising from his coal mine employment, that invocation of the 15-year presumption was proper, and that Employer did not rebut it.  The only issue on appeal is whether Employer should be liable for payment of benefits.

Employer first argues that  the Department of Labor improperly required Arch to insure claims made against Apogee by what it terms the Department of Labor's retroactive rule change,  *Pet*. at 14.  Employer further asserts that the "corporate veil" protects its parent company (Arch Coal, Inc. "Arch"). *Pet*. at  14-16.

Second, it argues that the Department of Labor's "exclusionary rules prohibiting ALJs from considering evidence concerning Arch's liability are, on their face, inconsistent with the statutory mandate" and takes issue with the requirement that liability evidence must be developed and submitted while the claim is pending before the District Director. *Pet*. at 26-29. Employer asserts that the Department of Labor's "exclusionary rules" and their enforcement are arbitrary and capricious. *Pet*. at 29.

However, as discussed more fully below, Employer failed to designate witnesses and submit documentary evidence regarding liability while this case was pending before the District Director, despite being served a Notice of Claim dated

December 8, 2015 and a Schedule for Submission of Additional Evidence dated March 17, 2016, setting forth evidentiary deadlines.  J.A. 319, 329.  Therefore, ALJ Boucher properly refused to grant its belated discovery requests while the matter was pending before her.  The only possible exception which would have allowed Employer to submit liability evidence before the ALJ would be if Employer established "extraordinary circumstances" for its failure to timely submit such evidence to the district director.  20 C.F.R. § 725.456(b)(1). This, Judge Boucher found, Employer failed to do, and the Benefits Review Board affirmed her finding. J.A. 138, 246.

Employer may not agree with Judge Boucher's decision, but she supplied a rationale for her findings which complied with the APA.  *Harman Mining Co. v. Director, OWCP* [*Looney*], 678 F.3d 305, 316 (4th Cir. 2012).  Employer simply failed to comply with the applicable regulations and now seeks a "do-over" through litigation.  In contrast, Mr. Howard, who *has* complied with all the regulations,  has been waiting since the District Director issued the Proposed Decision and Order on September 26, 2016 to receive over $21,000 in backpay (from November 2014 to August 2016).  J.A. 351.

The evidence in this case establishes that Employer is the operator liable for payment of benefits. Judge Boucher's holding that Employer is the responsible operator is rational, supported by substantial evidence, in accordance with applicable

law, and complies with the Administrative Procedure Act. ("the APA"), 5 U.S.C. § 557(c)(3)(A), as incorporated into the BLBA by 30 U.S.C. § 932(a), through 33 U.S.C. § 919(d) and 5 U.S.C. § 554(c)(2).

Thus, this Court must affirm Judge Boucher's Decision and Order Awarding Benefits which was affirmed by the Benefits Review Board.

# V.  ARGUMENT

## A.  Standard of Review

In Federal black lung cases, this Court reviews the legal conclusions of the Benefits Review Board *de novo*.  *Big Branch Res., Inc. v. Ogle*, 737 F.3d 1063, 1068 (6th Cir. 2013).  This Court does not, however, reweigh the evidence and substitute its judgement for that of the ALJ; rather, this Court only corrects errors of law and determines whether the Board's decision to uphold the ALJ's conclusion was supported by substantial evidence. *Cumberland River Coal Co. v. Banks*, 690 F.3d 477, 482-483 (6th Cir. 2012).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Peabody Coal Co. v. Groves,* 277 F.3d 829, 833 (6th Cir. 2002) citing *Richardson v. Perales,* 402 U.S. 389, 401 (1971).  However, "[s]ubstantial evidence is more than a mere scintilla," such that the evidence must create more than just "a suspicion of the existence of the fact to be established." *Hoxie v. Drug Enforcement Admin.,* 419 F.3d 477, 482 (6th Cir. 2005).

## B.  The ALJ's holding that Employer is the responsible operator is rational, supported by substantial evidence, in accordance with applicable law, and complies with the Administrative Procedure Act.

The responsible operator is the "potentially liable operator" which most recently employed a miner for periods of cumulative employment of not less than

one year. 20 C.F.R. §§ 725.493-495.    Judge Boucher found that Employer met the

regulatory criteria to be a potentially liable operator:

> The evidence in the record reflects that Apogee, as owned and self-insured by Arch, meets the five regulatory requirements of a potentially liable operator. First, Employer has not rebutted the presumption that Claimant's disability, at least in part, arose out of his work for Apogee. *See* § 725.494(a). Next, the record reflects that Claimant worked as a miner for the same company, which ultimately became Apogee, from 1984 to 1997. (Tr. 21, 25, 33; DX 3; DX 7; DX 8.) The evidence thus shows that Apogee operated a coal mine after June 30, 1973; Claimant worked for Apogee for at least one cumulative year; and Claimant worked for Apogee for at least one day after December 31, 1973. *See* § 725.494(b)-(d).

> Finally, absent evidence to the contrary, Apogee is presumed to be financially capable of paying benefits in accordance with §725.494(e). § 725.495(b). Financial capability may be based on an operator's authorized self-insurance. § 725.494(e)(2). Employer has presented no evidence that Apogee is incapable of paying benefits, particularly through its self-insurance with Arch.[reference omitted] It does not appear from the record that Employer disputes that Apogee's liabilities were self- insured by Arch during Claimant's employment with Apogee. Instead, Employer complains that the Department has not affirmatively established a self-insurance relationship between Arch and Apogee after 2005 (when Arch purportedly sold Apogee's assets and liabilities).

> Employer's argument misconstrues the burdens of the parties involved in this case. As plainly set forth in the regulations, it is presumed that Apogee is capable of assuming liability for the payment of benefits. § 725.495(b). Because Employer did not submit any evidence that Apogee, as self-insured by Arch, is incapable of assuming liability for the payment of benefits, Employer did not defeat the § 725.495(b) presumption, and the Director is not required to prove the fact of Apogee's self-insurance through Arch; the ability of Apogee (as self-insured by Arch) to assume financial liability is presumed under the regulations.

J.A. 138.  Judge Boucher noted that "to defeat liability," Employer "must establish either that Apogee was not the last potentially liable operator to employ Claimant, or that Apogee is not financially capable of paying benefits."  J.A. 139, citing 20 C.F.R. § 725.495(c)(1)-(2); *Gilbert v. Williamson Coal Co.*, 7 BLR 1-289, 1-294 (1984); and *Borders v. A.G.P. Coal Co.*, 9 BLR 1-32, 1-34 (1986).  Judge Boucher further noted that  Employer did not dispute that it was Mr. Howard's last coal mine employer, and found that "the record does not reflect that Claimant worked for any coal mine operator subsequent to his employment with Apogee."  J.A. 139.  Accordingly, she held that "Employer has not established that it is not liable under § 725.495(c)(2)."  J.A. 139.  She further found that Employer "has not established that Apogee is not financially capable of paying benefits."  J.A. 139.

Employer does not dispute that Mr. Howard was employed by Apogee until 1997. *Pet*. at 2.  It notes that the Department of Labor "avers that Apogee was self-insured by Arch" during Mr. Howard's employment. *Id*.  Employer asserts that Arch's liability ended when Apogee was sold to Magnum Coal Company on January 1, 2006, which was in turn sold to Patriot Coal Corporation in 2008.  Pet. at 2-3. Patriot became bankrupt in 2015.  *Pet.* at 4.

11

**1. Judge Boucher properly excluded Employer's liability evidence because it failed to timely submit the same to the District Director.**

Mr. Howard filed the instant claim on November 19, 2014, as noted *supra*. The transactions on which it relies (Apogee's sale to Magnum, Magnum's sale to Patriot) occurred well before that date. Employer had ample opportunity to make its arguments and submit evidence while this claim was pending before the District Director. It failed to do so. Judge Boucher found:

> … as explained in detail in my June 17, 2019, Order Granting Motion to Reconsider and Denying Request for Subpoenas, and my July 10, 2019, Order Denying Employer's Motion to Transfer Liability, Arch was properly notified of its liability in this claim as Apogee's self-insurer and yet failed to timely offer or seek through discovery any evidence that it is not liable. As a result, Employer is now prohibited from presenting liability evidence during this proceeding, §§ 725.414(d), 725.456(b)(1), and as set forth above, Apogee's capability of assuming liability for the payment of benefits is now presumed under the regulations. § 725.495(b). Contrary to Employer's arguments, it did have the opportunity to prove that Arch was not liable for this claim as Apogee's self-insurer; it simply failed to avail itself of that opportunity.

J.A. 140. Employer failed to submit liability evidence to the District Director within the time limits specified in both the District Director's notice of claim and the applicable regulations. It has not shown extraordinary circumstances justifying discovery or additional submissions of evidence before the ALJ. The fact remains that Employer was correctly designated as the Responsible Operator and has not presented any evidence to challenge its designation as such within the timeframe required by the applicable regulations.

Moreover, even if Employer's belated attempts at discovery were not time-barred, the convoluted transactions involving Apogee/Arch, Magnum and Patriot do not serve to release Employer from liability. *See U.S. Department of Labor v. Triplett*, 494 U.S. 715 (1990) (contracts between private parties are invalid if they conflict with black lung regulations).

### 2. Judge Boucher properly rejected Employer's argument regarding Department of Labor Bulletin 16-01.

Judge Boucher rejected Employer's arguments regarding the Bulletin, holding it was "immaterial," as she found the district director "did not name Arch a responsible operator in violation of [20 C.F.R.] § 725.407(d)." J.A. 139-140. The D.C. Circuit has determined the Bulletin was not a legislative rule. *Arch Coal v. Acosta*, 888 F.3d 493, 501 (D.C. Cir. 2018). As the D.C. Circuit noted, "the disputed Bulletin in this case does not 'alter the rights or interests of parties.'" *Id.* It found "[t]o the contrary, the Bulletin does not impose any liability on Arch under the BLBA or dispose of any benefits claim on the merits. It only requires District Directors to initiate proceedings concerning Arch's potential responsibility for BLBA claims related to Patriot." *Acosta*, 888 F.3d at 501.

Judge Boucher further found that

First, it does not appear that the district director relied on this regulation. The record does not reflect that the district director found an employment relationship between Claimant and Arch (though this regulation apparently would permit such a finding). Again, the record reflects that the district director named *Apogee*, not Arch, as the

responsible operator in this claim. Arch bears liability for this claim *as Apogee's self-insurer*, not as the responsible operator.

J.A. 140.  Employer failed to submit evidence relevant to liability to the District Director in response to the SSAE.    It    has    not    shown    extraordinary circumstances    justifying    discovery    or    additional submissions    of    evidence. The  fact  remains  that  Employer  was  correctly  designated  as  the  Responsible Operator and has not presented any evidence to challenge its designation within the required time frame. It has been defeated, not by the Bulletin, but by its own failure to comport  with the Regulations.

## VI.    CONCLUSION

Judge Boucher's finding in this case that Employer is liable for payment of benefits due Mr. Howard is rational, supported by substantial evidence, and in accordance with law.   For the reasons stated herein,   Mr. Howard respectfully requests this Court to affirm the Decision and Order Awarding Benefits issued by Judge Boucher and affirmed by the Benefits Review Board.


Respectfully submitted,

*/s/Brad A. Austin*
Brad A. Austin

Wolfe Williams & Reynolds
470 Park Ave.
Norton, VA 24273
(276)679-0777
Counsel for Respondent,
David M. Howard
October 19, 2023

## VII.   STATEMENT OF RELATED CASES

Respondent knows of no related cases pending before this Court. Petitioner indicated in its Motion to File Material as Addendum to Petitioner's Opening Brief that there several pending before this Court regarding Arch's potential liabilty: *Arch of Ky./Apogee Coal v. Director, OWCP [Cash]*, Case No. 23-3437, *Apogee Coal Co. v. Director, OWCP [Melton]*, Case No. 23-3297, *Apogee Coal Co. v. Director, OWCP [Creech]*, Case No. 23-3541, *Apogee Coal Co. v. Director, OWCP [Ison]*, Case No. 23-3536, *Apogee Coal Co. v. Director, OWCP [Johnson]*, Case No. 23-3612, *Arch of Kentucky/Apogee Coal v. Director, OWCP [Woods]*, (Appeal filed August 4, 2023), and *Arch of Kentucky/Apogee Coal v. Director, OWCP [Holbrook]*, (Appeal filed August 4, 2023); *Apogee Coal Co. LLC et .al. v. Director, Office of Workers' Compensation Programs et. al. [Mary Ison]*, Case No. 23-3536; and *Apogee Coal Co. LLC et. al v. Director, Office of Workers' Compensation Programs et. al. [Jerry Hall]* No. 23-3662.

/s/ Brad A. Austin
Brad A. Austin
Wolfe Williams & Reynolds
470 Park Ave.
Norton, VA 24273
(276)679-0777

Counsel for Respondent,
David M. Howard
October 19, 2023

## VIII.   CERTIFICATE OF COMPLIANCE

I certify that this brief is subject to word count 3,150 words exclusive of cover, table of contents, and table of authorities.  The word count is obtained from Microsoft Word.  Typeface Times New Roman 14 pt. was used.


/s/ Brad A. Austin
Brad A. Austin

Wolfe Williams & Reynolds
470 Park Ave.
Norton, VA 24273
(276)679-0777
Counsel for Respondent,
David M. Howard
October 19, 2023

## IX.    CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Respondent's Response Brief

was served on the following ECF registered counsel by filing with ECF on October

19, 2023:

> Deborah S. Hunt, Clerk
> Office of the Clerk
> U.S. Court of Appeals for the Sixth Circuit
> Potter Stewart U.S. Courthouse
> 100 E. Fifth Street, Room 540
> Cincinnati, OH 45202-3988
>
> Mark E. Solomons, Esq.
> Dominic E. Draye, Esq.
> Greenberg Traurig, LLP
> 2101 L Street, N.W., Suite 1000
> Washington, D.C.  20037
>
> Sean Bajkowski, Esq.
> Sarah M. Hurley, Esq.
> U.S. Department of Labor
> Office of the Solicitor
> 200 Constitution Ave., N.W.
> Ste. N-2119
> Washington, DC 20210

> /s/ Brad A. Austin
> Brad A. Austin
> Wolfe Williams & Reynolds
> 470 Park Ave.
> Norton, VA 24273
> (276)679-0777
> Counsel for Respondent,
> David M. Howard
> October 19, 2023